Name RICHARD MARK GARBER

Address 12652 Huston Street

North Hollywood, CA 91607

Telephone (818) 762-8120    (FAX) (818) 762-0574

Email Address rickgarber@sbcglobal.net

☒ Attorney for Debtor
State Bar No. 102688

☐ Debtor in Pro Se   (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br>BIBLIANA LUCIA BOVERY | Chapter 13 Case No.: 1:12-bk-17172-VK<br>FIRST AMENDED<br>**CHAPTER 13 PLAN**<br><br>**CREDITOR'S MEETING:**<br>Date: 9/26/12<br>Time: 10:00 a.m.<br>Place: 21051 Warner Center Lane #105, WH, CA<br><br>**CONFIRMATION HEARING:**<br>Date: 11/13/12<br>Time: 9:30 a.m.<br>Place: 21041 Burbank Bl, Ctrm. 301, WH, CA |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. §1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.
Revised December 2009

F 3015-1.1

Chapter 13 Plan (Rev. 12/09) - Page 2                                    2009 USBC, Central District of California

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE**

   The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

   A. Payments by Debtor of $ 881.44 per month for 60 months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

   B. The base plan amount is $ 52,886.54 which is estimated to pay 0 % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

   C. Amounts necessary for the payment of post petition claims allowed under 11 U.S.C. §1305.

   D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

   | Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
   |---|---|---|---|
   | BMW Financial Services | 2005 BMW X3 | 9339 | $ 55.00 |
   |  |  |  | $ |
   |  |  |  | $ |

   Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

   E. Other property: N/A
   (specify property or indicate none)

II. **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
   Except as otherwise provided in the Plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

   A. ORDER OF PAYMENTS:

   1. If there are Domestic Support Obligations, the order of priority shall be:

      (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

      (b) Administrative expenses (Class 1(a)) in an amount not exceeding _____ % of each Plan Payment until paid in full;

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                                    F 3015-1.1

Chapter 13 Plan (Rev. 12/09) - Page 3                                                     2009 USBC, Central District of California

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses ( Class 1(a)) in an amount not exceeding __100__ % of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

**CLASS 1**
**ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507**

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| **a. Administrative Expenses** | | | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's Fees | $ 2,000.00 | | $800.00 | 2.5 | $ 2,000.00 |
| (3) Chapter 7 Trustee's Fees (Specify Trustee Name) | $ 0.00 | | $ 0.00 | 0 | $ 0.00 |
| (4) Other Est Attorney's Fees | $ | | $ | | $ |
| **b. Other Priority Claims** | | | | | |
| (1) Internal Revenue Service | $ 9,348.92 | %0 | $ See | below | $ 9,348.92 |
| (2) Franchise Tax Board | $ 4,119.62 | %0 | $71.64 | 57.5/ 3-60 | $ 4,119.62 |
| (3) Domestic Support Obligation | $ | % | $ | | $ |
| (4) Other | $ | % | $ | | $ |
| **c. Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name):** | | | | | |
| | $ | % | $ | | $ |

IRS payments: Months 3-36 at $83.49 per month = $2,838.66
             Months 37-60 at $271.26 per month = $6,510.24

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                                   **F 3015-1.1**

Chapter 13 Plan (Rev. 12/09) - Page 4　　　　　　　　　　　　　　　　　　　2009 USBC, Central District of California

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☐ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☒ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

BSI Financial Services　　　　　　　　　　　　　　　　　2516
　　(name of creditor)　　　　　　　　　　　　　　　　　(last 4 digits of account number)

N/A
　　(name of creditor)　　　　　　　　　　　　　　　　　(last 4 digits of account number)

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| BSI Financial Services | 2516 | $26,269.00 | 0% | $456.80 | 57.5/3-60 | $26,269.00 |
| N/A | | $ | % | $ | | $ |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| BMW Financial Service | 9339 | $4,874.00 | $4,874.00 | 4.25% | $155.00 | 33.5/3-36 | $5,200.00 |
| Marriott Vacation Club | 9239 | $1,069.00 | $1,069.00 | 4.25% | $34.00 | 33.5/3-36 | $1,141.00 |

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009　　　　　　　　　　　　　　　　　　　　　　　　　　**F 3015-1.1**

Chapter 13 Plan (Rev. 12/09) - Page 5                                                                 2009 USBC, Central District of California

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:
2. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

N/A
(name of creditor)                                                                      (last 4 digits of account number)

N/A
(name of creditor)                                                                      (last 4 digits of account number)

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| N/A | | $ | % | $ | | $ |
| N/A | | $ | % | $ | | $ |

## CLASS 5
### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of $63,433.64_____.

Class 5 claims will be paid as follows:

(Check one box only.)

☒ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐ Class 5 claims will be divided into subclasses as shown on the attached exhibit (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

### III.    COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $0.00_____ which is estimated to pay 0_____% of the scheduled nonpriority unsecured debt.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                            F 3015-1.1

Chapter 13 Plan (Rev. 12/09) - Page 6                                                2009 USBC, Central District of California

## IV. PLAN ANALYSIS

| | |
|---|---|
| CLASS 1a | $ 2,000.00 |
| CLASS 1b | $ 13,468.54 |
| CLASS 1c | $ 0.00 |
| CLASS 2 | $ 26,269.00 |
| CLASS 3 | $ 6,341.00 |
| CLASS 4 | $ 0.00 |
| CLASS 5 | $ 0.00 |
| SUB-TOTAL | $ 48,078.54 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $ 4,808.00 |
| TOTAL PAYMENT | $ 52,886.54 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.

N/A

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

N/A

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

N/A

D. The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)

N/A

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (Use Attachment, if necessary)

[See Attachment for Additional Plan Terms]

G. The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                                F 3015-1.1

ATTACHMENT TO SECTION V-F
MISCELLANEOUS PLAN PROVISIONS *cont'd*

<u>Bibliana Lucia Bovery</u>
1:12-bk-17172-VK

V-F.    A)    All allowed attorney's fees, including all allowed supplemental attorney's fees, shall be paid before the claims of all other creditors, other than trustee's fees.

B)    Debtor shall not incur new debt in excess of $500.00 without court approval.

C)    Each year Debtor remains in Chapter 13, commencing with the 2011 tax year, Debtor shall provide the Chapter 13 Trustee with a copy of her federal 1040 income tax return.

D)    Debtor shall turn over to the Chapter 13 Trustee any federal and/or state income tax refunds that she may receive during the pendency of this case.

E)    All payments to the Internal Revenue Service ("IRS") and/or to the Franchise Tax Board ("FTB") based on a claim filed by said entity or entities for pre-petition income taxes shall be made by Debtor through her plan payments; such plan disbursements for any income tax liability owed by Debtor shall be paid to the IRS and/or the FTB, as the case may be, by the Chapter 13 Trustee. The filing of a claim by either or both tax entities shall be deemed to be a demand for payment of said claim by Debtor through her plan. The confirmation of Debtor's plan shall be binding on the IRS and/or FTB with respect to any tax year that is covered by a claim filed by said entity/entities, whether said claim is for pre- or post-petition taxes. The IRS and/or the FTB shall NOT be entitled to seize any tax refund that Debtor may be entitled to receive during the pendency of this case for the purpose of setting-off said refund against a tax liability covered by a filed claim. Said refunds, if any, are the property of the Estate, and are intended to be used to pay all or part of the unsecured claims. However, to the extent that the IRS or the FTB does seize Debtor's tax refund as a set off against a tax liability covered by a filed claim, Debtor shall have no liability to the Estate (i.e., to the Trustee) to reimburse the Estate for the amount of the seized tax refund(s).

H.  The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I.  The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated: 10/29/12

Attorney for Debtor

Debtor

Joint debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                    F 3015-1.1

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
12652 HUSTON ST., NORTH HOLLYWOOD, CA 91607

A true and correct copy of the foregoing document described as FIRST AMENDED CHAPTER 13 PLAN

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:
Hon. Victoria Kaufman, U.S. Bankruptcy Judge, 21041 Burbank Blvd., Suite 354, Woodland Hills, CA 91367

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/29/12, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Michael W Aiken          MAiken@NBSDefaultServices.com
Richard Mark Garber      rickgarber@sbcglobal.net
Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On 10/30/12, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Hon. Victoria Kaufman, U.S. Bankruptcy Judge, 21041 Burbank Blvd., Suite 354, Woodland Hills, CA 91367
Elizabeth Rojas, Chapter 13 Trustee, 15060 Ventura Blvd., Suite 240, Sherman Oaks, CA 91403
Bibliana Bovery, Debtor, 11447 Delano St., North Hollywood, CA 91606
SEE ATTACHED LIST OF CREDITORS

☑ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/29/12 | Keti Bicon | /s/ Keti Bicon |
|---|---|---|
| Date | Type Name | Signature |

**1:12-bk-17172-VK** Bibliana Lucia Bovery
**Case type:** bk **Chapter:** 13 **Asset:** Yes **Vol:** v **Judge:** Victoria S. Kaufman
**Date filed:** 08/09/2012 **Date of last filing:** 09/27/2012

# Creditors

| Creditor | ID |
|---|---|
| **American InfoSource LP as agent for** Midland Funding LLC<br>PO Box 268941<br>Oklahoma City, OK 73126-8941 | (32533747)<br>(cr) |
| **AXA EQUITABLE**<br>EQUIVEST<br>PO BOX 13496<br>NEWARK NJ 07188 | (32496250)<br>(cr) |
| **AXA Equitable [Equi-Vest]**<br>PO Box 4956<br>Syracuse, NY 13221-4956 | (32421382)<br>(cr) |
| **BACK BOWL I LLC, SERIES C**<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121 | (32610800)<br>(cr) |
| **Bank Of America**<br>PO Box 15019<br>Wilmington, DE 19850-5019 | (32421384)<br>(cr) |
| **Bank Of America**<br>PO Box 982238<br>El Paso, TX 79998-2238 | (32421383)<br>(cr) |
| **Bank Of America**<br>PO Box 982235<br>El Paso, TX 79998-2235 | (32421385)<br>(cr) |
| **BMW FINANCIAL SERVICES**<br>ATTN: BANKRUPTCY<br>5550 BRITTON PKWY<br>HILLIARD OH 43026-7456 | (32496251)<br>(cr) |
| **BMW Financial Services**<br>5515 Parkcenter Cir<br>Dublin, OH 43017-3584 | (32421386)<br>(cr) |
| **BMW Financial Services NA, LLC**<br>P.O. Box 3608<br>Dublin, OH 43016 | (32567187)<br>(cr) |
| **BSI Financial Services**<br>101 N 2nd St<br>Titusville, PA 16354 | (32421387)<br>(cr) |
| **BSI FINANCIAL SERVICES INC**<br>1425 GREENWAY DR STE 400<br>IRVING TX 75038 | (32496252)<br>(cr) |
| **Cal-Western Reconveyance Corp**<br>525 E Main Street<br>PO Box 22004<br>El Cajon, CA 92022-9004 | (32421388)<br>(cr) |
| **Citi**<br>Customer Service | (32421389) |

PO Box 6241                                      (cr)
Sioux Falls, SD 57117-6241

Citi
Customer Services                                (32421390)
PO Box 6500                                      (cr)
Sioux Falls, SD 57117-6500

**CITI CARDS**
PROCESSING CENTER                                (32496253)
DES MOINES IA 50363-0001                         (cr)

**CITIBANK**
ATTN: CENTRALIZED BANKRUPTCY                     (32496254)
PO BOX 20507                                     (cr)
KANSAS CITY MO 64195-0507

**Department Of Treasury**
Internal Revenue Service                         (32421391)
Fresno, CA 93888-0010                            (cr)

**Department Stores National Bank/Macys**
Bankruptcy Processing                            (32473273)
Po Box 8053                                      (cr)
Mason, OH 45040

**DSNB Macys**
9111 Duke Blvd                                   (32421392)
Mason, OH 45040-8999                             (cr)

**EQUI-VEST**
PROCESSING OFFICE                                (32496255)
PO BOX 4964                                      (cr)
SYRACUSE NY 13221-4964

**Equiant Financial Services**
5401 N Pima Rd Ste 150                           (32421393)
Scottsdale, AZ 85250-2630                        (cr)

**EQUIFIRST CORPORATION**
500 FOREST POINT CIRCLE                          (32496256)
CHARLOTTE NC 28273-5670                          (cr)

**FIA CARD SERVICES, N.A.**
4161 Piedmont Parkway                            (32598242)
NC4 105 03 14                                    (cr)
Greensboro, NC 27410

**Franchise Tax Board**
Bankruptcy Unit                                  (32421394)
PO Box 2952                                      (cr)
Sacramento, CA 95812-2952

**Franchise Tax Board**
Bankruptcy Unit                                  (32421395)
PO Box 942867                                    (cr)
Sacramento, CA 94267-0011

**FRANCHISE TAX BOARD**
BANKRUPTCY SECTION MS A340                       (32728299)
PO BOX 2952                                      (cr)
SACRAMENTO CA 95812-2952

**GE Capital Retail Bank**
P O Box 960061                                   (32421396)
Orlando, FL 32896-0061                           (cr)

**GE Capital Retail Bank**

| | |
|---|---|
| Attn: Bankruptcy Department<br>PO Box 960061<br>Orlando FL 32896-0661 | (32558016)<br>(cr) |
| **GECRB/Care Credit**<br>950 Forrer Blvd<br>Kettering, OH 45420-1469 | (32421397)<br>(cr) |
| **GEMB / CARE CREDIT**<br>ATTN: BANKRUPTCY<br>PO BOX 103104<br>ROSWELL GA 30076-9104 | (32496257)<br>(cr) |
| **HOME EQ SERVICING**<br>PO BOX 13309<br>MAILCODE CA3501<br>SACRAMENTO CA 95813-3306 | (32496258)<br>(cr) |
| **HUNT & HENRIQUES ATTORNEY FOR MIDLA**<br>151 BERNAL RD STE 8<br>SAN JOSE CA 95119-1306 | (32496259)<br>(cr) |
| **INTERNAL REVENUE SERVICE**<br>PO BOX 7317<br>PHILADELPHIA PA 19101-7317 | (32496260)<br>(cr) |
| **Internal Revenue Service**<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | (32421398)<br>(cr) |
| **IRS**<br>300 North Los Angeles St<br>Room 4062 Stop 5022<br>Los Angeles, CA 90012 | (32421399)<br>(cr) |
| **Los Angeles County Treasurer &**<br>Tax Collector<br>PO Box 54018<br>Los Angeles, CA 90054-0018 | (32421400)<br>(cr) |
| **LVNV Funding LLC**<br>PO Box 740281<br>Houston, TX 77274-0281 | (32421401)<br>(cr) |
| **MACYS**<br>PO BOX 8228<br>MASON OH 45040-5228 | (32496261)<br>(cr) |
| **Marriot Vacation Club**<br>PO Box 8038<br>Lakeland, FL 33802-8038 | (32421402)<br>(cr) |
| **Marriot Vacation Club**<br>PO Box 382056<br>Pittsburgh, PA 15250-8056 | (32421403)<br>(cr) |
| **MICHAEL AIKEN BK SERVICER FOR BMW**<br>ASCENSION CAPITOL GROUP INC<br>PO BOX 201347<br>ARLINGTON TX 76006-1347 | (32496262)<br>(cr) |
| **Midland Funding**<br>8875 Aero Dr Ste 200<br>San Diego, CA 92123-2255 | (32421404)<br>(cr) |
| **NATIONAL ENTERPRISE SYSTEMS**<br>29125 SOLON RD | (32496263) |

```
SOLON OH 44139-3442                                     (cr)

Pite Duncan
4375 Jutland Drive Suite 200                            (32421405)
PO Box 17935                                            (cr)
San Diego, CA 92177-7923

Sears/CBNA
PO Box 6282                                             (32421406)
Sioux Falls, SD 57117-6282                              (cr)

STATE OF CALIFORNIA
FRANCHISE TAX BOARD                                     (32496265)
PO BOX 942867                                           (cr)
SACRAMENTO CA 94267-0001

STATE OF CALIFORNIA
FRANCHISE TAX BOARD                                     (32496264)
PO BOX 942840                                           (cr)
SACRAMENTO CA 94240-0001
```

| PACER Service Center ||||
|---|---|---|---|
| Transaction Receipt ||||
| 10/29/2012 17:30:55 ||||
| PACER Login: | rg0142 | Client Code: | |
| Description: | Creditor List | Search Criteria: | 1:12-bk-17172-VK Creditor Type: cr |
| Billable Pages: | 2 | Cost: | 0.20 |