1

**RICHARD MARK GARBER**
**Attorney at Law Bar #102688**

2

**12652 Huston Street**
**North Hollywood, CA 91607**

3

E-mail: rickgarber@sbcglobal.net
(818) 762-8120 | FAX (818) 762-0574

4

5

Attorney for Debtor

6

7

8

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

9

In Re:                                          ) Chapter 13
                                                )
10                                              ) Case No.  1:12-bk-17172-VK
                                                )
11                                              ) **REPLY TO THE OPPOSITION FILED BY U.S.**
                                                ) **BANK & TRUST NATIONAL ASSOCIATION TO**
12  BIBLIANA LUCIA BOVERY                       ) **DEBTOR'S OBJECTION TO U.S. BANK TRUST'S**
                                                ) **NOTICE OF FINAL CURE PAYMENT;**
13                                              ) **DECLARATION OF RICHARD MARK GARBER**
                                                )
14                                              ) Case :     July 10, 2018
                                                ) Time:      11:30 am
15                        Debtor.               ) Ctrm:         301
    _____ )

16

**TO ALL PARTIES IN INTEREST**:

17

    **COMES NOW BIBLIANA LUCIA BOVERY** (hereinafter, "Debtor") in reply to the

18

opposition filed by **U.S. BANK TRUST NATIONAL ASSOCIATION** (hereinafter, "US Bank")

19

to Debtor's objection to US Bank's **RESPONSE TO NOTICE OF FINAL CURE PAYMENT**

20

(hereinafter, "Final Cure Notice").

21

Dated: July 3, 2018

22

23

                   Richard Mark Garber, Attorney for
                    Bibliana Lucia Bovery, Debtor

24

25

26

27

28

1.    <u>US Bank did not dispute Debtor's assertion that it failed to give Debtor credit for overpayments from September, 2012 to February, 2013 in the amount of $1,770.48.</u>

Debtor filed this case on August 12, 2012. Debtor's first mortgage payment came due starting in September, 2012. US Bank's claim, filed on December 26, 2012, indicated that Debtor's mortgage payment was $1,888.17; there was no escrow impound account as part of said mortgage payment. Attached hereto and incorporated herein as consecutively numbered Exhibit #5 is the relevant portion of US Bank's claim, showing a mortgage payment of $1,888.17.

For the period from September, 2012 to February, 2013, Debtor tendered mortgage payments totaling $13,099.50, as follows: $2,166.41 each for September, November, and December, 2012, and February, 2013, $2,367.45 for October, 2012, and $2,066.41 for January, 2013. The total mortgage payments which actually came due only totaled $11,329.02, resulting in an over payment of $1,770.48 [See Debtor's Exhibit #1, pg 12 of Objection, for the historical record of mortgage payments for the months of September, 2012 to February, 2013].

US Bank (through its predecessor, Christiana Trust) filed a mortgage payment change notice on January 25, 2013, showing an increase in Debtor's mortgage payment to $2,314.96, starting in February 1, 2013. Attached hereto and incorporated herein as consecutively numbered Exhibit #6 is the relevant portion of US Bank's Notice of Mortgage Payment Change, showing a mortgage payment of $2,314.96.

However, as the change of payment notice clearly indicated, said notice had to be filed at least 21 days prior to the effective date of the mortgage payment change. Thus, the increase in Debtor's mortgage payment to $2,314.96 could not, and did not, become effective until March, 2013.

Thus, there can be no dispute about the amount of Debtor's mortgage for the first six months of her bankruptcy case, from September, 2012 to February, 2013. That being true, the amount of Debtor's over payment during the period from September, 2012 to February, 2013 was/is $1,770.48. US Bank does not - and cannot - dispute the amount of the mortgage payment prior to the effective date of the mortgage payment change. Hence, US Bank cannot effectively challenge Debtor's assertion that it failed to credit Debtor with an over payment of $1,770.48 relating to said months.

///

2.    Despite a notice of payment change increasing Debtor's mortgage payment to $2,314.96, US Bank, and/or its prior and current servicing agents, never attempted to collect the higher mortgage payment from Debtor and it never attempted to compel Debtor to make said higher mortgage payment. Instead, US Bank repeatedly has advised Debtor in writing that her mortgage payment was $1,888.17 per month, and it accepted her payments. US Bank and its current servicer, SN Servicing, are estopped from retroactively assessing, and/or collecting from Debtor, any escrow impounds that they failed to collect during the pendency of Debtor's case.

A.    US Bank repeatedly advised Debtor that her mortgage payments were $1,888.17 per month.

As indicated above, US Bank filed a notice of mortgage payment change, increasing Debtor's mortgage payment to $2,314.96; the essence of the increase was that US Bank imposed an escrow impound account for taxes and hazard insurance.

Notwithstanding said supposed increase, neither US Bank nor any of its predecessor servicing companies, ever charged Debtor the higher mortgage payment, which included the escrow impound. It also never attempted to enforce the mortgage payment increase.

When BSI Financial Services ("BSI"), a prior servicer of US Bank, brought a motion for relief from stay motion on February 13, 2015. BSI did not allege any failure on Debtor's part to pay an escrow impound account payment. Attached hereto and incorporated herein as consecutively numbered Exhibit #7 is a true and correct copy of the Real Property Declaration portion of BSI's motion for relief from stay. In fact, BSI's own witness, Mr. Arin Murch, the Assistant Vice President of Home Loans for BSI, declared under penalty of perjury in paragraph 2.a that he was

"...one of the custodians of the books, records, and files of Movant [i.e., BSI] that pertain to [the] loans and extensions of credit given to Debtor concerning the property. I have personally worked on the books, records and files and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These book, records and files were made at or about the time of the events recorded, and which maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event..."

If Debtor's mortgage payment actually had increased to $2,314.96 per month, the motion for relief from stay was the enforcement vehicle by which to ensure future payments were made in the correct amount, and to secure adequate protection for the delinquent post-petition under payments. Moreover, if there was anyone who should have known the correct amount of Debtor's mortgage payments, it would have been Mr. Murch because he had personal knowledge of US Bank's books and records pertaining to Debtor's mortgage account.

3

Instead, he assured the court of the accuracy of the statements in the motion for relief from stay, because they were contemporaneously recorded by a person with personal knowledge of the information being recorded; moreover, he assured the court that he was one of those custodians of the records with personal knowledge of the information being recorded. Stated differently, the court should believe the information contained in the motion, and testified to under oath, because it was accurate and reliable.

In paragraph 12.c of the relief from stay motion filed on February 13, 2015, Mr. Murch testified that there were 16 post-petition, post-confirmation mortgage payments due in the amount of $1,888.17 each, for a total post-petition delinquency of $30,210.72. Said post-petition delinquency did not include any escrow impound account payment. Then, in paragraph 12.g, Mr. Murch testified that the regular mortgage payment starting February 1, 2015, and continuing every month thereafter, was $1,888.17 per month.

Again, Mr. Murch never testified that US Bank had set up, and/or had imposed, an escrow impound account for taxes and insurance, or that Debtor had failed to pay said taxes and insurance. Had such an escrow account been set up, surely Mr. Murch would have so testified. Notwithstanding the mortgage payment change notice, there is no evidence before this court that US Bank, or any of its prior or current loan servicers, ever set up an escrow impound account into which Debtor would pay her property taxes and insurance.

In September, 2015, immediately upon SN Servicing Corporation ("SN") replacing BSI as US Bank's loan servicer, Debtor set up an electronic payment for the amount of her mortgage payment with SN. Debtor did not set up the mortgage payment she wanted to pay; she set up the mortgage payment that SN told her to pay. SN had a duty to set up the electronic mortgage payment for the correct amount. It now admits it did not do that. Had SN told Debtor that the amount of her mortgage payment was $2,314.96 because it included an escrow impound for taxes and insurance, then Debtor would have allowed said amount to be deducted from her checking account. In fact, up to the time Debtor defaulted in June, 2014, Debtor always had tendered more than the amount of her principal payment.

It was SN's duty as the loan servicer to tell Debtor the amount of her actual mortgage payment, inclusive of principal and interest, and to set up an automatic electronic payment in the correct amount due (i.e., $2,314.96 per month, including property taxes and insurance); to the extent Debtor's mortgage payment did include an impound account for property taxes and insurance, then SN breached its duty to both US Bank and to Debtor in setting up Debtor's electronic mortgage payment for less than the amount actually due.

Debtor, through her counsel, recently confirmed with US Bank, through its counsel, through Kristin Zilberstein, that "all payments due were in the amount of $1,888.17." Attached hereto and incorporated herein as consecutively numbered Exhibit #8 is the relevant part of an e-mail exchange relating to the historical amount of Debtor's mortgage payment.

Based on the foregoing evidence, it is Debtor's position that, notwithstanding the filed mortgage payment change notice, increasing her payment to $2,314.96 per month, Debtor's mortgage payment at all relevant times during this case was, and remains, $1,888.17 per month.

B.    <u>US Bank and its current servicer, SN Servicing Corporation, are estopped from retroactively assessing, and/or collecting from Debtor, any escrow impounds that they failed to collect during the pendency of Debtor's case.</u>

It was SN's duty as the loan servicer to correctly set up Debtor's automatic electronic payment for the correct amount. As far as Debtor knows, and based on the overwhelming evidence before this court, Debtor believes SN correctly set up her automatic electronic mortgage payment at $1,888.17 per month - the payment amount which is consistent with US Bank's relief from stay motion and Ms. Zilberstein's recent e-mail confirming Debtor's mortgage payment in the amount of $1,888.17 per month.

One of two things is true: Either Debtor's mortgage payment was, and is, $1,888.17 per month, with no impound account for taxes and insurance, or it is $2,314.96 per month, with an impound account for taxes and insurance, and has been at that amount since the effective date of the mortgage payment change notice filed by the Christiana Trust, a prior loan servicer.

Debtor is not sure what to make of the mortgage payment change notice filed by Christiana Trust. However, in light of the other evidence before this court, including the lack of enforcement of said mortgage payment increase, Debtor believes, and it is her position, that the mortgage payment increase notice was filed in error, or US Bank and its subsequent loan servicer simply elected to ignore it and not to enforce it.

However, whatever the reason for US Bank's non-enforcement of the mortgage payment increase - be it intentional or simply due to negligence - US Bank and its subsequent loan servicer clearly never enforced the January 25, 2013 mortgage payment change notice by actually attempting to collect the higher payment from Debtor, or by penalizing her for failing to make said payment.

As noted above, the relief from stay motion was the perfect and appropriate enforcement mechanism to ensure that Debtor made the correct mortgage payment of $2,314.96. BSI never raised the issue of Debtor having made an incorrect mortgage payment; in fact, its representative testified that Debtor's mortgage payment was $1,888.17 per month. SN could have remedied that mistake by bringing its own motion for relief from stay. It never did, and now Debtor's case is over.

Now, US Bank, in its response, attempts to rely on the payment change notice by saying that Debtor's mortgage payment did increase to $2,314.96 back in February (or March), 2013, after previously confirming that Debtor's mortgage payment throughout this case was always $1,888.17 per month. US Bank is attempting to blame Debtor for not making the correct payment, when in fact, Debtor made the payment US Bank, through SN, told her to make when she set up her automatic electronic mortgage payment.

However, US Bank and its loan servicers cannot penalize Debtor for their negligence; they are collaterally and equitably estopped from attempting to retroactively collect some four years of mortgage under payments from Debtor at the end of her Chapter 13 case. It would be inequitable to reward US Bank and its loan servicers - past and present - for their negligence and incompetence - in exercising their duty to manage and service Debtor's mortgage loan by ensuring she was making the correct mortgage payment for all the years she has been in Chapter 13.

3.    <u>Debtor overpaid her mortgage payment for many months, but it does not appear that Debtor has been credited properly with said overpayments.</u>

Debtor, through her counsel, has been advised that all of Debtor's mortgage payments accrued at the rate of $1,888.17 per month [See Exhibit #8]. As indicated by US Bank's loan history, (see Exhibit #1 to Debtor's Objection), between August, 2012 and June, 2014 (when Debtor defaulted on her mortgage payments), Debtor always made mortgage payments to US Bank in excess of the principal payment.

Between August, 2012 and June, 2014, Debtor made the mortgage payments indicated in the lefthand column. The amount of Debtor's payments to US Bank exceeded the total payments due by the sum of $4,927.18, as indicated below:

$2,166.41 - $1,888.17 = $278.24 x 14 = $3,895.36
$2,066.41 - $1,888.17 = $178.24 x  1 = $  178.24
$2,314.96 - $1,888.17 = $426.79 x  2 = $  853.58
Total Overpayment   $4,927.18

1    4.    <u>US Bank has failed to disclose and/or itemize its fees, charges, expenses,</u>
     <u>and there is no evidence to prove the alleged costs incurred in the total</u>
2    <u>amount of $5,356.61 were for taxes and insurance.</u>

3    In its Response, US Bank has indicated that it incurred some $5,356.61 in "total fees,

4    charges, expenses and costs outstanding," but it did not describe the nature of those fees, charges,

5    expenses, or costs incurred; in said Response, US Bank did not itemize those fees, charges, expenses,

6    or costs. Debtor has no idea of the nature of said mortgage expenses.

7    According to US Bank's counsel, US Bank now takes the position that the $5,356.61

8    constitutes an escrow amount for property taxes and insurance. First, counsel for US Bank has not

9    demonstrated that she has the requisite personal knowledge to be able to testify regarding the nature

10   of that escrow figure. Second, there is no competent evidence to prove that $5,356.61 was even paid,

11   let alone that it was paid for taxes and insurance. There are no invoices or checks attached to prove

12   that US Bank incurred said charges.

13   Pursuant to Bankruptcy Rule 3002.1[c], US Bank should have notified - and in fact, was

14   required to notify - Debtor in a timely manner (i.e., within 180 days) of any expenses it had incurred

15   if it intended to recover that expense from Debtor. It did not. It still has not described or itemized

16   any such expenses or charges.

17   Bankruptcy Rule 3002.1[c], governing claims secured by a security interest in the debtor's

18   principal place of residence, provides that,

19   "The holder of the claim shall file and serve on the debtor, debtor's counsel,
     and the trustee a notice itemizing all fees, expenses, or charges (1) that were
20   incurred in connection with the claim after the bankruptcy case was filed, and
     (2) that the holder asserts are recoverable against the debtor or against the
21   debtor's principal residence. The notice shall be served within 180 days after
     the date on which the fees, expenses or charges are incurred."
22

23   Debtor attached as Exhibit #3 to her objection a copy of official Form 410-S2, the Notice of

     Post-petition Mortgage Fees, Expenses and Charges; Form 410-S2 is the appropriate document to
24
     file and serve in order to provide notice of post-petition mortgage fees, expenses, and charges. The
25
     form is supposed to be filed within 180 days of the incurrence of an expense.
26
     Property taxes are paid twice annually, and property insurance premiums are usually paid
27
     annually. US Bank could have filed Form 410-S2 at least twice per year - once when it paid property
28
     tax and insurance, and then when it paid the other property tax installment. It never filed a Form 410-S2.

1    Compliance with Bankruptcy Rule 3002.1 in the instant case was mandatory on US Bank

2    because its claim was secured by Debtor's principal place of residence and Debtor was making direct

3    contractual installment payments. See, Bankruptcy Rule 3002.1(a); See also, In re Adkins, 477 B.R.

4    71 (Bkrtcy. N.D. Ohio 2012); In re Tollis, 491 B.R. 886 (Bkrtcy. N.D. Ill. 2013).  By failing to file

5    and serve said Form 410-S2, US Bank failed to provide Debtor with notice that it had incurred post-

6    petition  mortgage fees, expenses, or charges for which Debtor was responsible to pay.

7    Debtor was entitled to notification from US Bank that it had incurred some $5,356.61 in

8    mortgage fees and costs within 180 days of the date on which they were incurred, so that Debtor,

9    pursuant to Bankruptcy Rule 3002/1(e), could have petitioned the court to determine whether or not

10   she was liable for any of said fees, costs, or charges.

11   Pursuant to Bankruptcy Rule 3002.1(e), Debtor is supposed to have up to one year from the

12   service of such notice under Bankruptcy Rule 3002.1[c] in which to object to the imposition of such

13   fees and expenses; that is impossible now, as Debtor's Chapter 13 case is all but over.

14   If the debtor objects to the imposition of such mortgage fees and costs under BR 3002.1(e),

15   "...the court shall, after notice and [a] hearing, determine whether payment of any claimed fee,

16   expense, or charge is required by the underlying and applicable non-bankruptcy law to cure a default

17   or maintain payments in accordance with §1322(b)(5) of the Code."

18   As noted above, Debtor's case essentially is over. The Trustee already has paid all claims,

19   including US Bank's claim for  mortgage arrears. Debtor is just now learning of additional mortgage

20   expenses in the amount of $5,356.61 for which she may be liable; unfortunately for Debtor, the late

21   notification of these expenses has deprived her of her right and/or ability to pay said post-petition

22   mortgage expenses (to the extent she owes them) through her plan. The late notification of these

23   mortgage expenses, which have yet to be described or itemized, is prejudicial, and should be

24   disallowed.

25   5.   The court should impose the appropriate relief under Bankruptcy Rule 3002.1(f)
          to penalize US Bank for its failure to comply with Bankruptcy Rule 3002.1©.

26

27   Bankruptcy Rule 3002.1(i), regarding the failure of a mortgage creditor to give notice to the

28   debtor of the incurrence of mortgage expenses and charges, provides as follows:

If the holder of a claim fails to provide any information as required by subdivision (b), ( c), (g) of [Rule 3002.1], the court may, after notice and a hearing, take either or both of the following actions:

(1) Preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or

(2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure."

As it stands now, a line item regarding $5,356.61 in post-petition mortgage expenses which have not been described or itemized constitutes insufficient notice; in its current form, these expenses cannot be allowed. The filing of Form 410-S2 essentially constitutes an amended claim. Without the filing of Form 410-S2, there is no claim for US Bank's post-petition mortgage expenses in the amount of $5,356.61.

To the extent US Bank, after reviewing this Reply, files a late Form 410-S2, thereby amending its claim, said amended claim should not be allowed for post-petition mortgage expenses. This court should not permit US Bank to file any documentation to prove the existence of said mortgage expenses in defense of Debtor's objection to such amended claim. Alternatively, Debtor should be awarded other appropriate relief, including reasonable attorney's fees resulting from US Bank's failure to provide timely notice to Debtor regarding its post-petition mortgage expenses.

CONCLUSION

Debtor did not receive credit for over payments as set forth in Section 3 above in the amount of $4,927.18. US Bank claims that the balance of post-petition mortgage payments due is $33,987.06; assuming that to be true, and taking into account Debtor's overpayments indicated above, it is now Debtor's position that the amount of her post-petition delinquency is only $29,059.88.

With respect to US Bank's claimed post-petition mortgage expenses of $5,356.61, it must be concluded that, without having filed Form 410-S2, there actually is no claim on file with respect to such post-petition mortgage expenses. Debtor has had no notice of the nature, description, or amount of said alleged post-petition mortgage expenses. In the absence of such notice, and without a filed amended claim (Form 410-S2) for said post-petition mortgage expenses, no such post-petition mortgage expenses should be allowed.

///

**WHEREFORE**, based on US Bank's loan payment history, and Debtor's evidence of mortgage payments, Debtor prays that this court determine that Debtor owes US Bank post-petition mortgage payments totaling only $29,059.88.

**WHEREFORE**, Debtor also prays that, in the absence of any documentation of fees, charges, expenses, and costs incurred by US Bank, US Bank should be denied any post-petition mortgage fees, charges, expenses and costs in the amount of $5,356.61.

Dated: July 3, 2018

Richard Garber, Attorney for Debtor

# DECLARATION OF RICHARD MARK GARBER

I, Richard Mark Garber, declare:

1.      I am an attorney licensed to practice law before this court and before all courts of the State of California. I am the attorney for Bibliana Bovery.

2.      I have personal knowledge of the facts to which I have testified. My knowledge is based on my personal observation or actions, and/or based on my review of the court file.

3.      The attached Exhibit #5 is a true and correct copy of the relevant portion of US Bank's proof of claim, showing the initial mortgage payment claimed by US Bank.

4.      The attached Exhibit #6 is a true and correct copy of the relevant portion of the notice of mortgage payment change, filed by the Christiana Trust, on January 25, 2013.

5.      The attached Exhibit #7 is a true and correct copy of the Real Property Declaration, that formed the relevant portion of US Bank's motion for relief from stay, filed on February 13, 2015.

6.      The attached Exhibit #8 is a true and correct copy of the relevant portion of an e-mail exchange between Ms. Zilberstein, counsel for US Bank and me, confirming that Debtor's mortgage payment amount was $1,888.17 per month.

I declare under penalty of perjury of the laws of the State of California that the foregoing facts are true and correct and within my personal knowledge. Executed this July 3, 2018 at North Hollywood, CA.

_____
Richard Mark Garber, Declarant

B 10 (Official Form 10) (12/12)

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>**BIBLIANA LUCIA BOVERY**<br>**AKA BIBLIANA L. BOVERY**<br>**AKA BIBLIANA BOVERY**<br>**AKA BIBLIANA L. ALDRIDGE-BOVERY**<br>**AKA BIBLIANA ALDRIDGE BOVERY** | Case Number:<br>**1:12-17172-VK** |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>**CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2012-10** | |
|---|---|
| Name and address where notices should be sent:<br>***Carrington Mortgage Services, LLC***<br>***1610 E St. Andrew Pl. #B150***<br>***Santa Ana, CA 92705***<br>***Attn: Anita Jackson***<br>Telephone number: ***(949) 517-5057*** email: | **COURT USE ONLY**<br>☐ Check this box if this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br>*(if known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above)<br>**Same as above**<br><br><br>Telephone number:                        email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

1. Amount of Claim as of Date Case Filed:    $385,167.93

If all or part of the claim is secured, complete item 4

If all or part of the claim is entitled to priority, complete item 5

☑Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim:  MONEY LOANED
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br>2436 | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

4. Secured Claim (See instruction #4)
Check the Appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information

Nature of property or right of setoff: ☒Real Estate   ☐Motor Vehicle   ☐Other
Describe: 11447 DELANO ST, NORTH HOLLYWOOD, CA 91606

Value of Property: $unknown at this time

Annual Interest Rate 5.125% ☐Fixed or ☒Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$18,557.80

Basis for perfection: Deed of Trust

Amount of Secured Claim:    $385,167.93

Amount Unsecured:    $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

| ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. §507 (a)(4). | ☐ Contributions to an employee benefit plan 11 U.S.C. §507 (a)(5). | Amount entitled to priority:<br><br>$_____ |
|---|---|---|---|
| ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7). | ☐ Taxes or penalties owed to governmental units - 11U.S.C. §507 (a)(8). | ☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(___). | |

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

236-57483-2

EXHIBIT #5
12

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature: (See instruction #8)**

Check the appropriate box.

☐ I am the creditor.    ☐ I am the creditor's authorized agent    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor
                                                                        or their authorized agent    (See Bankruptcy Rule 3005.)
                                                                        (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

| | |
|---|---|
| Print Name: **Patrick K. Bruso** | /s/ Patrick Bruso          12/26/2012 |
| Title: __Attorney__ ) | *(Signature)*              *(Date)* |
| Company: __Alvarado & Associates, LLP__ | Attorney for Creditor's Authorized servicing agent, CARRINGTON MORTGAGE |
| Address and telephone number (if different from notice address above) | SERVICES, LLC, as loan servicer for CHRISTIANA TRUST, A DIVISION OF |
| 1 Mac Arthur Place, Suite 210 | WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH |
| Santa Ana, CA 92707 | MORTGAGE LOAN TRUST, SERIES 2012-10 |

Telephone number:714-327-4400  email  generalmail@aswlawoffice.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor,*
*exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box( es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 90 ll. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifYing what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Attachment A) (12/11)

## Mortgage Proof of Claim Attachment

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See Bankruptcy Rule 3001(c)(2).

| | | | |
|---|---|---|---|
| Name of debtor: | **BIBLIANA LUCIA BOVERY AKA BIBLIANA L. BOVERY AKA BIBLIANA BOVERY AKA BIBLIANA L. ALDRIDGE-BOVERY AKA BIBLIANA ALDRIDGE BOVERY** | Case number: | **1:12-17172-VK** |
| Name of creditor | **CHRISTIANA TRUST, N.A., et. al.** | Last four digits of any number you use to identify the debtor's account | **2436** |

## Part 1: Statement of Principal and Interest Due as of the Petition Date

Itemize the principal and interest due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

1. **Principal due**         (1)    **$370,510.23**

2. Interest due

| Interest rate | From Mm/dd/yyyy | TO Mm/dd/yyyy | Amount |
|---|---|---|---|
| 5.125 % | 11/01/2011 | 08/01/2012 | $14,241.51 |
| 5.125 % | 08/01/2012 | 08/09/2012 | $ 416.19 |
| ____ % | ____ | ____ | $ |
| Total interest due as of the petition date | | | $14,657.70 |

Copy total here ▶   (2) +    **$14,657.70**

3. Total principal and interest due         (3)    **$385,167.93**

## Part 2: Statement of Prepetition Fees, Expenses, and Charges

Itemize the fees, expenses, and charges due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | Dates incurred | | Amount |
|---|---|---|---|
| 1. Late charges | _____ | (1) | $_____ |
| 2. Non-sufficient funds (NSF) fees | _____ | (2) | $_____ |
| 3. Attorney's fees | _____ | (3) | $_____ |
| 4. Filing fees and court costs | _____ | (4) | $_____ |
| 5. Advertisement costs | _____ | (5) | $_____ |
| 6. Sheriff/auctioneer fees | _____ | (6) | $_____ |
| 7. Title costs | _____ | (7) | $_____ |
| 8. Recording fees | _____ | (8) | $_____ |
| 9. Appraisal/broker's price opinion fees | _____ | (9) | $_____ |
| 10. Property inspection fees | _____ | (10) | $_____ |
| 11. Tax advances (non-escrow) | _____ | (11) | $_____ |
| 12. Insurance advances (non-escrow) | _____ | (12) | $_____ |
| 13. Escrow shortage or deficiency (Do not include amounts that are part of any installment payment listed in Part 3.) | _____ | (13) | $1,564.27 |
| 14. Property preservation expenses. Specify:_____ | _____ | (14) | $_____ |
| 15. Other. Specify:_____ | _____ | (15) | $_____ |
| 16. Other. Specify:_____ | _____ | (16) | $_____ |
| 17. Other. Specify:_____ | _____ | (17) | $_____ |
| 18. Total prepetition fees, expenses, and charges. Add all of the amounts listed above | | (18) | $1,564.27 |

B 10 (Attachment A) (12/11)                                                                              Page 2

## Part 3. Statement of Amount Necessary to Cure Default as of the Petition Date

Does the installment payment amount include an escrow deposit?

☑ No

☐ Yes. Attach to the Proof of Claim form an escrow account statement prepared as of the petition date in a form consistent with
applicable nonbankruptcy law.

| | | | |
|---|---|---|---|
| **1. Installment payments due** | Date last payment received by creditor | <u>10/15/2012</u> | |
| | Number of installment payments due    (1) | <u>9</u> | |
| **2. Amount of installment payments due** | | | |
| | <u>9</u>      installments @ <u>$1,888.17</u><br>12/01/11-08/01/12 | $16,993.53 | |
| | _____ installments @ _____ | _____ | |
| | _____ installments @ _____            + | _____ | |
| | **Total installment payments due as of the petition date** | **$16,993.53** | Copy total here ► (2)    **$16,993.53** |
| **3. Calculation of cure amount** | **Add** total prepetition fees, expenses, and charges | | Copy total from Part 2 here ►    +  **$1,564.27** |
| | **Subtract** total of unapplied funds (funds received but not credited to account) | | - $_____ |
| | **Subtract** amounts for which debtor is entitled to a refund | | - $_____ |
| | **Total amount necessary to cure default as of the petition date** | (3) | **$18,557.80** |

Copy total onto Item 4
of Proof of Claim form

236-57483-2

15

B 10S1 (Supplement 1) (12/11)

# UNITED STATES BANKRUPTCY COURT

## Central District of California

In re  BIBLIANA LUCIA BOVERY                    ,          Case No. 1:12-17172-VK
　　　　Debtor

Chapter 13

## Notice of Mortgage Payment Change

If you file a claim secured by a security interest in the debtor's principal residence provided for under the debtor's plan pursuant to § 1322(b)(5), you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due.  See Bankruptcy Rule 3002.1.

Name of creditor: CHRISTIANA TRUST, A DIVISION et al.          Court claim no. (if known): 10

Last four digits of any number          **9   6   8   5**          Date of payment change:          02/01/2013
you use to identify the debtor's                                                                    mm/dd/yyyy
account:                                                          Must be at least 21 days after date of
                                                                  this notice

                                                                  New total payment:          $ 2,314.96
                                                                  Principal, interest, and escrow, if any

---

### Part 1: Escrow Account Payment Adjustment

Will there be a change in the debtor's escrow account payment?

☐ No
☑ Yes    Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the
         basis for the change. If a statement is not attached, explain why: _____

         Current escrow payment:  $ 0.00 _____          New escrow payment:  $ 263.32 _____

---

### Part 2: Mortgage Payment Adjustment

Will the debtor's principal and interest payment change based on an adjustment to the interest rate in the debtor's variable-rate note?

☑ No
☐ Yes    Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not
         attached, explain why: _____

         Current interest rate: _____%          New interest rate: _____%

         Current principal and interest payment: $ _____          New principal and interest payment: $ _____

---

### Part 3: Other Payment Change

Will there be a change in the debtor's mortgage payment for a reason not listed above?

☑ No
☐ Yes    Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification
         agreement.  (Court approval may be required before the payment change can take effect.)

         Reason for change: _____

         Current mortgage payment: $ _____          New mortgage payment: $ _____

Exhibit No.
16

B 10 (Supplement 1) (12/11)                                                                          Page 2

## Part 4: Sign Here

The person completing this Notice must sign it.  Sign and print your name and your title, if any, and state your address and telephone number if different from the notice address listed on the proof of claim to which this Supplement applies.

Check the appropriate box.

☐ I am the creditor.        ☐ I am the creditor's authorized agent.
                            (Attach copy of power of attorney, if any.)

I declare under penalty of perjury that the information provided in this Notice is true and correct to the best of my knowledge, information, and reasonable belief.

| | | |
|---|---|---|
| ✖ /s/ Patrick K. Bruso | Date | 01/25/2013 |
| Signature | | mm/dd/yyyy |

| | | | | |
|---|---|---|---|---|
| Print: | Patrick K. Bruso | | Title | Attorney |
| | First Name          Middle Name          Last Name | | | |

Company    Alvarado & Associates, LLP

| | | | |
|---|---|---|---|
| Address | 1 Mac Arthur Place, Suite 210 | | |
| | Number          Street | | |
| | Santa Ana | CA | 92707 |
| | City | State | ZIP Code |

Contact phone   (714) 327-4400                                    Email  generalmail@aswlawoffice.com

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*)                                                                                  , declare:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

    a.  ☐  I am the Movant.

    b.  ☒  I am employed by Movant as (*state title and capacity*): Assistant Vice President, Home Loans, BSI Financial Services, Inc.

    c.  ☐  Other (*specify*):

2.  a.  ☒  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant s business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had per onal knowledge of the event being recorded and had or has a business duty to record accurately such event  The business records are available for inspection and copies can be submitted to the court if required.

    b.  ☐  Other (*see attached*):

3.  The Movant is:

    a.  ☒  Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer  A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

    b.  ☒  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

    c.  ☐  Servicing agent authorized to act on behalf of the:
        ☐  Holder.
        ☐  Beneficiary.

    d.  ☐  Other (*specify*):

4.  a.  The address of the Property is:

        *Street address:*11447 Delano Street
        *Unit/suite no.:*
        *City state zip code* North Hollywood, CA 91609

    b  The legal description of the Property or document recording number (including county of recording) set forth in the Movant s deed of trust is:
        20071869329  Los Angeles County, California

---

This form is mandatory  It has been approved for use by the United States Bankruptcy Court for the Central District of California

Exhibit  8

5.  Type of property (*check all applicable boxes*):

   a. ☒ Debtor's principal residence       b. ☐ Other residence

   c. ☐ Multi-unit residential            d. ☐ Commercial

   e. ☐ Industrial                   f. ☐ Vacant land

   g. ☐ Other (*specify*):

6.  Nature of the Debtor's interest in the Property:

   a. ☐ Sole owner

   b. ☒ Co-owner(s) (*specify*): Lys H. Bovery

   c. ☐ Lienholder (*specify*):

   d. ☐ Other (*specify*):

   e. ☒ The Debtor ☒ did ☐ did not list the Property in the Debtor's schedules.

   f. ☐ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed.

        The deed was recorded on (*date*) _____.

7.  Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (*specify*) _____
    that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit A_____.

   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
       attached as Exhibit B_____.

   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
       trust to Movant is attached as Exhibit C_____.

8.  Amount of Movant's claim with respect to the Property:

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ 363,472.57 | $ 363,472.57 |
| b. | Accrued interest: | $ | $ 25,245.56 | $ 25,245.56 |
| c. | Late charges | $ | $ 1,257.28 | $ 1,257.28 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ 8,683.93 | $ 8,683.93 |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[          ] | $[          ] | $[          ] |
| g. | TOTAL CLAIM as of (*date*): 01/09/2015 | $ | $ 398,659.34 | $ 398,659.34 |

   h. ☐ Loan is all due and payable because it matured on (*date*) _____

9.  Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action
    has occurred*):

   a. Notice of default recorded on (*date*) _____ or ☒ none recorded.

   b. Notice of sale recorded on (*date*) _____ or ☒ none recorded.

   c. Foreclosure sale originally scheduled for (*date*) _____ or ☒ none scheduled.

   d. Foreclosure sale currently scheduled for (*date*) _____ or ☒ none scheduled.

   e. Foreclosure sale already held on (*date*) _____ or ☒ none held.

   f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

   a. Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

   b. Number of payments that have come due and were not made: _____. Total amount: $_____

   c. Future payments due by time of anticipated hearing date (*if applicable*):

   An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

   d. The fair market value of the Property is $_____, established by:

   (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

   (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

   (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

   (4) ☐ Other (*specify*):

   e. **Calculation of equity/equity cushion in Property:**

   Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** $ | | | |

   f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

   (1) ☐ Preliminary title report.

   (2) ☐ Relevant portions of the Debtor's schedules.

   (3) ☐ Other (*specify*):

   g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
   I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

   h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
   By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

i.  ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j.  ☐ The fair market value of the Property is declining because:

12. ☒ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a.  A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: 09/26/2012 .
A plan confirmation hearing currently scheduled for (or concluded on) the following date: 11/13/2012 .
A plan was confirmed on the following date (*if applicable*): 11/26/2012 .

b.  Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c.  Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| 16 |  | $ 1,888.17 | $ 30,210.72 |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

d.  Postpetition advances or other charges due but unpaid:                                $
(*For details of type and amount, see Exhibit _____*)

e.  Attorneys' fees and costs:                                                                              $
(*For details of type and amount, see Exhibit _____*)

f.  Less suspense account or partial paid balance:                                         $[                    ]

TOTAL POSTPETITION DELINQUENCY:                              $ 30,210.72

g.  Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $ 1,888.17 will come due on 02/01/2015 , and on the 1 day of each month thereafter. If the payment is not received by the 15th day of the month, a late charge of $_____ will be charged to the loan.

h.  Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):
$ 1,888.17                    received on (*date*) 06/13/2014
$ 1,888.17                    received on (*date*) 03/20/2014
$ 1,888.17                    received on (*date*) 02/13/2014

i.  ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 9                                      F 4001-1.RFS.RP.MOTION

21

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☐ Other (*specify*):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☐ Multiple bankruptcy cases affecting the Property include:

      1. Case name: _____
         Chapter: _____  Case number: _____
         Date filed: _____  Date discharged: _____  Date dismissed: _____
         Relief from stay regarding the Property ☐ was  ☐ was not  granted.

      2. Case name: _____
         Chapter: _____  Case number: _____
         Date filed: _____  Date discharged: _____  Date dismissed: _____
         Relief from stay regarding the Property ☐ was  ☐ was not  granted.

      3. Case name: _____
         Chapter: _____  Case number: _____
         Date filed: _____  Date discharged: _____  Date dismissed: _____
         Relief from stay regarding the Property ☐ was  ☐ was not  granted.

   ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 10                          F 4001-1.RFS.RP.MOTION

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

    a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoi    is true and correct.

2  3 1                     arin Mur n                                      VI
_____                 _____                          _____
Date                       Printed name                                 Signatu e

This form is mandatory  It has been approved for use by the United States Bankruptcy Court for the Central District of California

**Subject:**  RE: Aldridge-Bovery 1:12-bk-17172 File Audit

**From:**  Kristin Zilberstein (kzilberstein@ghidottilaw.com)

**To:**  rickgarber@sbcglobal.net;

**Date:**  Tuesday, May 29, 2018 2:39 PM

Hi Rick,

I was able to confirm that all payments due were in the amount of $1,888.17.  I am still working on the fees and costs.

Thanks,

Kris

**\*\*\*\*PLEASE MAKE NOTE OF OUR NEW ADDRESS AND PHONE NUMBERS\*\*\*\*\*\***

Kristin A. Zilberstein |Managing Bankruptcy Attorney | Member State Bars of CA, WA, and TX

1920 Old Tustin Ave.

Santa Ana, CA 92705

Office: (949) 427-2010  ext. 1010

Fax:  (949) 427-2732

Email: kzilberstein@ghidottilaw.com



This email, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC 2510-2521), (b) may contain confidential and / or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the

Exhibit A 8    24

contents of the information received in error is strictly prohibited. This email was not intended or written to be used, and cannot be used or relied upon, as tax advice or for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.

**From:** Richard Garber [mailto:rickgarber@sbcglobal.net]
**Sent:** Tuesday, May 29, 2018 1:38 PM
**To:** Kristin Zilberstein <kzilberstein@ghidottilaw.com>
**Subject:** Re: Aldridge-Bovery 1:12-bk-17172 File Audit

Hi, Kristin. I am trying to reconcile the payment made with the payments due for each month. I was hoping you could help me resolve that. There may be a discrepancy. Thank you.

Richard Mark Garber, Esq.

Law Offices of Richard Mark Garber

12652 Huston Street

North Hollywood, CA 91607

818-762-8120 Office

818-762-0574 FAX

818-355-0126 Cell

www.gotdebtca.net

---

**From:** Kristin Zilberstein <kzilberstein@ghidottilaw.com>
**To:** 'Richard Garber' <rickgarber@sbcglobal.net>
**Sent:** Tuesday, May 29, 2018 10:23 AM
**Subject:** RE: Aldridge-Bovery 1:12-bk-17172 File Audit

Hi Rick,
I received your message.  Based on the information that I currently have, I do not have the breakdown of fees and costs or the payment amounts vs. due date.  I will request that from my client and forward it to you.

Thanks,
Kris

**\*\*\*\*PLEASE MAKE NOTE OF OUR NEW ADDRESS AND PHONE NUMBERS\*\*\*\*\*\***

Kristin A. Zilberstein |Managing Bankruptcy Attorney | Member State Bars of CA, WA, and TX

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

12652 Huston Street, North Hollywood, CA 91607

A true and correct copy of the foregoing document entitled (*specify*): _____
REPLY TO THE OPPOSITION FILED BY  U.S. BANK AND TRUST TO DEBTOR'S  _____

OBJECTION TO U.S. BANK'S NOTICE OF FINAL CURE PAYMENT  _____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/03/2018 _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) 07/04/2018 _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Victoria Kaufman, U.S. Bankruptcy Judge, 21041 Burbank Blvd., Suite 354, Woodland Hills, CA 91367

Please see attached

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/03/2018 | Keti Bicon | _Keti_ |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

Proof of Service Attachment

In re Bibliana Bovery
1:12-bk-17172-VK

Kristin Zilberstein, Attorney for US Bank Trust National Association
1920 Old Tustin Avenue, Santa Ana, CA 92705

SN Servicing Corporation, Servicing Agent for US Bank Trust National Association
13702 Coursey Blvd, Bldg Two, Baton Rouge, LA 70817

Corporation Service Company, Which will do Business in California as CSC - Lawyers
Incorporation Service, as Agent for Service of Process for SN Servicing Corporation
2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

Elizabeth F. Rojas, Chapter 13 Trustee
15260 Ventura Blvd., Suite 710, Sherman Oaks, CA 91403

# Mailing Information for Case 1:12-bk-17172-VK

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Michael W Aiken**   MAiken@NBSDefaultServices.com
- **Patrick K Bruso**   bruso005@umn.edu
- **Richard Mark Garber**   rickgarber@sbcglobal.net
- **Marian Garza**   ecfnotices@ascensioncapitalgroup.com
- **Michelle R Ghidotti**   ECFNotifications@ghidottilaw.com
- **Elizabeth (SV) F Rojas (TR)**   cacb_ecf_sv@ch13wla.com
- **Edward G Schloss**   egs2@ix.netcom.com
- **United States Trustee (SV)**   ustpregion16.wh.ecf@usdoj.gov
- **Kristin A Zilberstein**   ecfnotifications@ghidottilaw.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

> **LVNV Funding LLC**
> c/o Resurgent Capital Services
> P.O. Box 10587
> Greenville, SC 29603-0587

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.