# United States Bankruptcy Court
# Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Tuesday, July 10, 2018**                                                           **Hearing Room    301**

**11:30 AM**
**1:12-17172    Bibliana Lucia Bovery**                                                           **Chapter 13**

  **#68.00**    Motion re: objection to the response to notice of final cure
              payment filed by U.S. Bank Trust National Association

                          Docket       107

**Judge:**

Overrule in part and sustain in part.

**I. BACKGROUND**

On August 9, 2012, Bibliana Lucia Bovery ("Debtor") filed a chapter 13 petition.

On December 26, 2012, Christiana Trust filed a proof of claim, asserting a secured claim against Debtor's residence. On January 25, 2013, Creditor filed a Notice of Payment Change, adjusting the escrow account payments to $283.32 per month and thereby increasing Debtor's total monthly payment to $2,314.96. Debtor did not object to the Notice of Payment Change.

On February 13, 2015, Christiana Trust filed a motion for relief from the automatic stay (the "Motion for Relief from Stay") [doc. 56]. Christiana Trust withdrew the Motion for Relief from Stay prior to the hearing on the Motion for Relief from Stay.

On August 16, 2015, Christiana Trust transferred the debt to U.S. Bank, National Association ("Creditor"). Subsequently, Creditor's counsel contacted Debtor's counsel regarding the Motion for Relief from Stay. Opposition, Ex. B. In relevant part, the parties discussed missing mortgage payments between January 2015 and June 2015. *Id*. In a November 7, 2017 email to Creditor, Debtor's counsel noted that Debtor's March 2015 through June 2015 mortgage payments had not been tendered. *Id*.

On April 18, 2018, the chapter 13 trustee filed a Notice of Final Cure Payment [doc. 100]. On May 9, 2018, Creditor filed a response to the Notice of Final Cure Payment (the "Response"), attaching a ledger and asserting that Debtor owes $33,987.06 in postpetition mortgage payments and $5,356.61 in fees, charges, expenses, escrow and costs. With respect to the $5,356.61 in fees, charges, expenses, escrow and costs, the

# United States Bankruptcy Court
## Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

**Tuesday, July 10, 2018**                                                                                      **Hearing Room    301**

<u>11:30 AM</u>
**CONT...     Bibliana Lucia Bovery                                                                                    Chapter 13**

attached ledger reflected that $5,236.61 of this amount was Debtor's escrow account balance and the remaining $120 was attributed to late charge penalties against Debtor.

On May 30, 2018, Debtor filed an objection to the Response (the "Objection") [doc. 107], arguing that Creditor did not credit Debtor for four mortgage payments between March 2015 and June 2015, that Debtor overpaid her mortgage by a total of $4,927.18, which Creditor did not apply and that Creditor did not properly notice or itemize the additional requested fees and charges of $5,356.61.  On June 26, 2018, Creditor filed an opposition to the Objection (the "Opposition") [doc. 110], referring the Court to the emails wherein Debtor's counsel informed Creditor that Debtor had not tendered payments between March 2015 and June 2015.  In the Opposition, Creditor also asserts that the Notice of Payment Change appropriately noticed Debtor regarding the escrow account adjustment, but agreed to remove the $120 late charge. On July 3, 2018, Debtor filed a reply to the Response (the "Reply") [doc. 111], arguing that Creditor should be estopped from collecting the escrow balance because Creditor did not enforce the increased monthly payments after the Notice of Payment Change and that Creditor inappropriately collected overpayments prior to the Notice of Payment Change.

**II. ANALYSIS**

Debtor disputes the Response for three reasons: (A) Debtor asserts that Creditor did not credit Debtor for four payments of $1,888.17 between March and June 2015; (B) that Debtor overpaid her mortgage by a total of $4,927.18, which Creditor did not apply; and (C) that Creditor did not provide sufficient notice of the $5,356.61 in postpetition mortgage expenses.

Regarding the $1,888.17 mortgage payments between March 2015 and June 2015, Debtor provided Debtor's bank statements from March through June 2015 [Exh 2]. Bank statements for each month indicate a withdrawal of $1,888.17. However, the statements do not indicate where the money was sent. Furthermore, in 2017 (after Debtor asserts she paid Creditor), Debtor's counsel stated in an email that "the mortgage payments [counsel] was holding for the months of March-June, 2015 were never tendered…[debtor] will have to make up for those four mortgage payments." There is no evidence that Debtor made these payments after these email exchanges.

Creditor's ledger, attached to the Response, reflects that Debtor satisfied her

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Tuesday, July 10, 2018**     **Hearing Room 301**

<u>11:30 AM</u>
**CONT...**     **Bibliana Lucia Bovery**     **Chapter 13**

mortgage payments of $1,888.17 through November 2016. Debtor remains delinquent for the months between December 2016 and May 2018, a total of 18 months. As such, Creditor's accounting, which reflects a total of $33,987.06 in postpetition payments that are due, is accurate (18 * $1,888.17 = $33,987.06).

Debtor next asserts that, between August 2012 and June 2014, Debtor overpaid her mortgage by a total of $4,927.18. However, on January 25, 2013, Creditor filed the Notice of Payment Change, to which Debtor did not object. The Notice of Payment Change reflects that the only change made by the increase is that Debtor would now make an additional $283.32 in monthly payments to be applied to Debtor's escrow balance. In the Notice of Payment Change, Creditor noted that Debtor's monthly principal and interest payments would not change. The ledger attached to the Response also shows that Creditor kept separate columns for payments applied to Debtor's principal and interest and payments applied to Debtor's escrow balance.

In the Reply, Debtor states that Creditor did not actively attempt to enforce the payment change throughout Debtor's bankruptcy case and, as a result, should be estopped from collecting any delinquent escrow payments. Debtor does not cite any authority for this proposition. Moreover, Debtor does not assert that she did not receive notice of the Notice of Payment Change when it was filed in 2013. Pursuant to FRBP 3002.1(b)—

> (1) The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest-rate or escrow-account adjustment, no later than 21 days before a payment in the new amount is due. If the claim arises from a home-equity line of credit, this requirement may be modified by court order.
>
> (2) A party in interest who objects to the payment change may file a motion to determine whether the change is required to maintain payments in accordance with § 1322(b)(5) of the Code. If no motion is filed by the day before the new amount is due, the change goes into effect, unless the court orders otherwise.

Here, Debtor did not timely object to the Notice of Payment Change. As such, the payment change went into effect 21 days after Creditor filed the Notice of Payment

# United States Bankruptcy Court
# Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Tuesday, July 10, 2018**                                                                                      **Hearing Room    301**

**11:30 AM**
**CONT...      Bibliana Lucia Bovery                                                                          Chapter 13**

Change. In addition, to the extent Debtor is arguing that Creditor is estopped from collecting the amount set forth in the Notice of Payment Change because of Creditor's representations in the Motion for Relief from Stay, this Court never ruled on the Motion for Relief from Stay because Creditor withdrew the Motion for Relief from Stay prior to the hearing. Debtor has not articulated why a matter never adjudicated by a court would serve to estop a party in the future.

Debtor also argues that any overpayments prior to the Notice of Payment Change, specifically for the months between September 2012 and February 2013, should be credited to Debtor's account. However, it appears these overpayments went into a suspense account, which, beginning in February 1, 2014, were applied to reduce Debtor's escrow account balance. In other words, it does not appear Creditor improperly adjusted Debtor's escrow payments prior to the Notice of Payment Change. Rather, Debtor overpaid her escrow and Creditor deposited the amounts to a suspense account, later applying the amounts to Debtor's escrow balance (one year after the Notice of Payment Change alerted Debtor to the escrow adjustment).

As to the $5,356.61 in fees, charges, escrow and costs, Debtor claims that Creditor failed to describe and itemize these charges. However, the ledger attached to the Response clearly shows that $5,236.61 of the charges is the escrow balance and the remaining $120 is from late charges. As discussed above, Creditor provided appropriate notice of the escrow-account adjustment in accordance with FRBP 3002.1(b), and Debtor did not object. Creditor agrees that it did not provide adequate notice of the $120 and will amend the Response to reduce the $5,356.61 to $5,236.61. Aside from removing the $120 charge, the remaining delinquencies, fees and costs outlined in the Response appear to be accurate.

### III. CONCLUSION

The Court will sustain the Objection as to the $120 late charge fee. The Court will otherwise overrule the Objection.

Creditor must submit an order within seven (7) days.

| **Party Information** |
|---|

**Debtor(s):**

  Bibliana Lucia Bovery                              Represented By

# United States Bankruptcy Court
# Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

**Tuesday, July 10, 2018**                                                                                           **Hearing Room    301**

<u>11:30 AM</u>
**CONT...     Bibliana Lucia Bovery**                                                                                               **Chapter 13**

                                                  Richard Mark Garber

   **<u>Trustee(s):</u>**

     Elizabeth (SV) F Rojas (TR)              Pro Se